IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01675-REB-MJW

AARON JORDAN,

Plaintiff,

v.

ALEXANDER DIAS SIMONES,
MARC SEARS, official capacity suit City of Aurora's officers,
CARRIAGE PARK CONDO ASSOCIATION, and
DENNIS HOUCK,

Defendants.

---

**RECOMMENDATION ON**
**DEFENDANTS CARRIAGE PARK HOMEOWNERS ASSOCIATION'S AND DENNIS HOUCK, PRESIDENT OF CARRIAGE PARK HOA'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(1), 12(B)(5) AND 12(B)(6) (Docket No. 12)**
**AND**
**AURORA DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(B)(5) FOR INSUFFICIENCY OF SERVICE OF PROCESS (Docket No. 15)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 4) issued by Judge Robert E. Blackburn on June 26, 2013.

**PLAINTIFF'S ALLEGATIONS**

*Pro se* plaintiff Aaron Jordan asserts the following in his Complaint (Docket No. 1). On June 12, 2013, Defendants Simones and Sears approached plaintiff as he was "working with [his] music" in his garage. Simones and Sears arrested plaintiff some time later as plaintiff was taking out his trash. Plaintiff alleges that law enforcement officers often came to his house because of calls made by his neighbors and the HOA.

Plaintiff makes two claims under 42 U.S.C. § 1983. Plaintiff's Claim One is a

Fourth Amendment claim for unlawful arrest and seizure. Plaintiff's Claim Two is a Fifth and Fourteenth Amendment due process claim.

**PENDING MOTIONS**

Now before the court for a report and recommendation are**:** (I) Defendants Carriage Park Homeowners Association's and Dennis Houck, President of Carriage Park HOA's (hereinafter the "HOA Defendants") Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1), 12(b)(5) and 12(b)(6) (Docket No. 12); and (II) Aurora Defendants' (Defendants Simones and Sears) Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(5) for Insufficiency of Service of Process (Docket No. 15).

The court has carefully considered the Complaint (Docket No. 1), the motions to dismiss (Docket Nos. 12 & 15), and plaintiff's response (Docket No. 29). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of

his ‘entitlement to relief’ requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .” Id. at 555 (citations omitted). “Factual allegations must be enough to raise a right to relief above the speculative level.” Id. “[A] plaintiff must ‘nudge [] [his] claims across the line from conceivable to plausible’ in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.” Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held “that plausibility refers ‘to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs ‘have not nudged their claims across the line from conceivable to plausible.’” Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further “noted that ‘[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.’” Id. The court thus “concluded the *Twombly/Iqbal* standard is ‘a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.’” Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff’s favor. Morse v. Regents of the Univ. of Colo.,

154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding pro se. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues). The plaintiff's pro se status does not entitle him to application of different

rules. Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**I. Motion to Dismiss by the HOA Defendants**

In their motion to dismiss, the HOA Defendants argue that plaintiffs' claims against them should be dismissed because the HOA Defendants did not act under the color of law as required for claims brought pursuant to 42 U.S.C. § 1983.

The provisions of § 1983 only apply to persons who both deprive others of a right secured by the Constitution or laws of the United States and act under color of a state statute, ordinance, regulation, custom or usage. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). When a constitutional claim is asserted against private parties, to be classified as state actors under color of law they must be jointly engaged with state officials in the conduct allegedly violating the federal right. See Lusby v. T.G. & Y. Stores, Inc., 749 F.2d 1423, 1429 (10th Cir. 1984), cert. denied, 474 U.S. 818, 106 (1985); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 931–32 and n.15 (1982); Adickes, 398 U.S. at 152. This concerted action constitutes both the state action essential to establish a constitutional violation, and action under color of state law, custom or usage. See Lugar, 457 U.S. at 931-32.

Here, plaintiff's allegations against the HOA Defendants are scarce. Plaintiff simply alleges that there were "constant police calls from the H.O.A." including apparently the call that led to the Aurora Defendants' presence at plaintiff's home. Docket No. 1, at 4. Plaintiff further alleges that the HOA Defendants previously menaced him and turned the power off in his garage. Id.

Plaintiff's allegations are plainly insufficient to establish that the HOA Defendants were state actors acting under the color of law. As related to his claims, plaintiff

apparently alleges that the Aurora Defendants came to his house as the result of a call from the HOA Defendants. It is well established that a private individual does not act under color of state law merely by reporting an alleged crime to police officers who then take action based on the report. See Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir. 1983); see also Lane v. Johnson, 385 F. Supp. 2d 1146, 1151 (D. Kan. 2005) (stating that "[t]he mere fact that a private party furnished information, *even if false*, is not sufficient to constitute joint activity with state officials to state an actionable claim under § 1983") (emphasis added). Accordingly, the court finds that plaintiff's claim against the HOA Defendants should be dismissed.

**II. Motion to Dismiss by the Aurora Defendants**

In their motion to dismiss, the Aurora Defendants argue that plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service. Specifically, the Aurora Defendants note that the return of service (Docket No. 6) filed by plaintiff indicates that he served the summons and complaint himself. The Aurora Defendants argue that this is improper under Fed. R. Civ. P. 4(c)(2).

Rule 4(c)(2) states that a Summons must be served by "[a]ny person who is at least 18 years old and *not a party*" to the suit. Fed. R. Civ. P. 4(c)(2) (emphasis added). Plaintiff's return of service (Docket No. 6) plainly states that plaintiff himself served the Summons. As such, the court finds that plaintiff has failed to comply with Fed. R. Civ. P. 4(c)(2). See Shabazz v. City of Houston, No. 12-20312, 2013 WL 702472 (10th Cir. Feb. 25, 2013 ) (unpublished); Walker v. University of Colorado Board of Regents, 139 F.3d 913 (10th Cir. 1998) (unpublished). Accordingly, the court finds that his claims against the Aurora Defendants should be dismissed.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants Carriage Park Homeowners Association's and Dennis Houck, President of Carriage Park HOA's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1), 12(b)(5) and 12(b)(6) (Docket No. 12) be **GRANTED**. It is further

**RECOMMENDED** that the Aurora Defendants' (Defendants Simones and Sears) Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(5) for Insufficiency of Service of Process (Docket No. 15) be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: February 7, 2014
Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge