**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  13-cv-01675-REB-MJW

AARON JORDAN,

      Plaintiff,

v.

ALEXANDER DIAS SIMONES,
MARC SEARS, official capacity suit City of Aurora's officers,
CARRIAGE PARK CONDO ASSOCIATION, and
DENNIS HOUCK,

      Defendants.

---

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

      The matters before me are (1) the magistrate judge's **Recommendation on**

**Defendants Carriage Park Homeowners Association's and Dennis Houck,**

**President of Carriage Park HOA's Motion To Dismiss Pursuant to F.R.C.P. 12(b)(1)**

**and 12(b)(6) (Docket No. 12) and Aurora Defendants' Motion To Dismiss Pursuant**

**to Fed. R. Civ. P. Rule 12(b)(5) for Insufficiency of Service of Process (Docket No.**

**15)** [#50],[1] filed February 7, 2014; and (2) plaintiff's **Objection to  Recommendation to**

**Dismiss Defendants Dennis Houck and Carriage Park H.O.A. Pursuant to F.R.C.P.**

**12(b)(1), (5), (6) (Docket 12) and Aurora Defendants' Motion To Dismiss Pursuant**

---

      [1]  "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

**to Fed. R. Civ. P. 12(b)5 for Insufficiency of Service of Process (Docket No. 15)**

[#53], filed February 25, 2014. I overrule the objections, adopt the recommendation, and grant the apposite motions to dismiss.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw. The recommendation is detailed and well-reasoned. Plaintiff's objections are imponderous and without merit.

Concerning the HOA defendants, plaintiff claims that he has adequately pleaded concerted activity between these private actors and the police. ***See Wittner v. Banner Health***, 720 F.3d 770. 777 (10th Cir. 2013). Nevertheless,

> when a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient. Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action.

***Beedle v. Wilson***, 422 F.3d 1059, 1073 (10th Cir. 2005) (internal quotation marks and citation omitted). In this regard plaintiff's complaint fails. Plaintiff's principal allegation as to these defendants concerns their repeated, allegedly false reports to police concerning plaintiff's activities within his own home.[2] Yet as the magistrate judge properly noted, such allegations do not give rise to liability on the part of a private actor for joint activity with state actors for purposes of section 1983. ***See Benavidez v.***

---

[2] In his objection, plaintiff sets forth examples of alleged harassment by the HOA – turning off his power, pouring water through his roof vents, yelling obscenities when driving by his home, and spreading defamatory rumors about him. (Objection at 2.) Only the first of these alleged facts is mentioned in the Complaint itself. (*See* **Compl.** at 4.) More importantly, however, the Complaint contains no non-conclusory allegation linking these actions to an agreement or conspiracy between the HOA defendants and the police to violate plaintiff's constitutional rights.

*Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983);  *Lane v. Johnson*, 385 F.Supp.2d 1146,

1151 (D. Kan. 2005).  *See also American Manufacturers Mutual Insurance Co. v.*

*Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999) ("[T]he

under-color-of-state-law element of § 1983 excludes from its reach merely private

conduct, no matter how discriminatory or wrongful.") (citation and internal quotation

marks omitted).

I concur also with the magistrate judge's recommendation to dismiss the claims

against the Aurora police officers, defendants Alexander Dias Simones and Marc Sears,

for insufficiency of service of process.  As the magistrate judge notes, it appears that

plaintiff attempted to serve these defendants himself.  (*See* **Proof of Service** [#6], filed

July 8, 2013.)  Rule 4(c)(2) of the Federal Rules of Civil Procedure plainly forbids a

party to the action to effectuate service himself, even by mail.  *See Constien v. United*

*States*, 628 F.3d 1207, 1213-15 (10th Cir. 2010).  The Federal Rules of Civil Procedure

do not permit or recognize the type of equitable exceptions plaintiff seeks to invoke

here.  (*See* **Objection** at 4 ("A conspiracy of this magnitude should not be dismissed for

insufficient service, especially when the victim is one who was just previously injured

disabled from constitutional abuse in state custody.").)  *See* 4A C. WRIGHT, et al.,

**Federal Practice & Procedure Civil** § 1083 at 333 (3rd ed.) (although "[t]he general

attitude of the federal courts is that the provisions of Federal Rule 4 should be liberally

construed in the interest of doing substantial justice[,] . . . . there are limits to the rule's

malleability.  The goal of liberal construction cannot be utilized as a substitute for the

plain legal requirement as to the manner in which service of process may be had.")

3

(footnote, citation, and internal quotation marks omitted).  *See also Combs v. Nick Garin Trucking*, 825 F.2d 437, 446 (D.C. Cir. 1987).

Thus, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the magistrate judge's **Recommendation on Defendants Carriage Park Homeowners Association's and Dennis Houck, President of Carriage Park HOA's Motion To Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) (Docket No. 12) and Aurora Defendants' Motion To Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b0(5) for Insufficiency of Service of Process (Docket No. 15)** [#50], filed February 7, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2.  That the objections stated in plaintiff's **Objection to  Recommendation to Dismiss Defendants Dennis Houck and Carriage Park H.O.A. Pursuant to F.R.C.P. 12(b)(1), (5), (6) (Docket 12) and Aurora Defendants' Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)5 for Insufficiency of Service of Process (Docket No. 15)** [#53], filed February 25, 2014, are **OVERRULED**;

3.  That **Defendants Carriage Park Homeowners Association's and Dennis Houck, President of Carriage Park HOA's Motion To Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6)** [#12], filed July 18, 2013, is **GRANTED**;

4.  That the **Aurora Defendants' Motion To Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(5) for Insufficiency of Service of Process** [#15], filed August 5, 2013, is

4

**GRANTED**;

5.  That plaintiff's claims against defendants Carriage Park Condo Association and Dennis Houck are **DISMISSED WITHOUT PREJUDICE** for failure to allege facts sufficient to state plausible claims for relief;

6.  That plaintiff's claims against defendants Alexander Dias Simones and Marc Sears are **DISMISSED WITHOUT PREJUDICE** for insufficiency of service of process; and

7.  That judgment without prejudice **SHALL ENTER** in favor of defendants, Alexander Dias Simones; Marc Sears; Carriage Park Condo Association; and Dennis Houck, against plaintiff, Aaron Jordan, as to all claims and causes of action asserted herein.

Dated March 21, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge